WALTER A. CROEN et al., Plaintiffs, *v.* EDWARD N. VETRANO, as Supervisor of the Town of Greenburgh et al., Defendants.

Supreme Court, Westchester County, January 17, 1967.

*S. S. Goldsmith* for plaintiffs. *George A. Barron* for Town of Greenburgh, defendant. *Louis J. Lefkowitz, Attorney-General,* for State of New York. *C. Davies French* for intervenors.

GEORGE M. FANELLI, J. In this action for a declaratory judgment and incidental injunctive relief, plaintiffs move for a preliminary injunction and summary judgment, while defendants move to dismiss the complaint for legal insufficiency and for judgment.

In their complaint plaintiffs attack the constitutionality of article 3 of the Village Law of the State of New York which deals with the incorporation of a certain territory located within a town as a village. No issue is raised concerning the form or legal sufficiency of the petition required in such a case as more fully delineated in section 3–302. The sole and only question raised by the complaint is the constitutionality of the various sections embraced in article 3.

Plaintiffs charge that while they are residents of the area sought to be incorporated and while they are otherwise qualified to vote in general elections, nevertheless, are being disenfranchised in this instance because section 3–316 in dealing with

the qualifications of voters specifically restricts such voters to residents who are owners of real property in such territory. They urge that such qualification is discriminatory and contrary to the provisions of the Constitution of the State of New York as well as the Fourteenth Amendment of the Constitution of the United States.

The court is of the opinion that article 3 of the Village Law is constitutional. Plaintiffs' motion for summary judgment is denied; the complaint is dismissed, but without costs; the application for a preliminary injunction is denied; and a judgment may be entered on two days' notice declaring the provisions of article 3 of the Village Law constitutional.

There is a presumption of validity to the provisions of article 3 and those who attack them must demonstrate their invalidity beyond a reasonable doubt (*Lincoln Bldg. Assoc.* v. *Barr*, 1 N Y 2d 413; *Wiggins* v. *Town of Somers*, 4 N Y 2d 215; *Matter of Roosevelt Raceway* v. *Monaghan*, 9 N Y 2d 293). Further, it must be presumed that the Legislature of the State of New York investigated and found the existence of a situation showing or indicating the need or desirability of real property ownership as a condition precedent and necessary qualification to vote upon the question of incorporation. Plaintiffs have failed to make any factual showing that no reasonable basis at all exists for such a qualification. Here, the Legislature was dealing with a local proposition and the real property ownership qualification of a voter on such a question of incorporation does not, in this court's view, necessarily hinge upon wealth, i.e., ownership of real property, as urged by plaintiffs. The court finds nothing irrational, unreasonable, arbitrary or capricious on the part of the Legislature in providing such qualification when there is presented a question of incorporating a village out of a territory then located in a town. Such qualification was well within the scope of the Legislature's discretion and this court should not pass upon the wisdom of such Legislature. Settle judgment accordingly forthwith.